UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-20593-CR-UNGARO

UNITED STATES OF AMERICA
                    Plaintiff,
v.

JORGE DUQUEN,
a/k/a "Hawk"
                    Defendant.

_____/

## PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida (hereafter "USAO") and **JORGE DUQUEN** (hereafter "Defendant") enter into the following agreement:

1.    Defendant agrees to plead guilty to the sole count of the Indictment, which count charges Defendant with Possession With Intent to Distribute Cocaine, in violation of Title 21, United States Code, Sections 841(a) and (b)(1)(C).

2.    Defendant is aware that the sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (hereafter "Sentencing Guidelines"). Defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a presentence investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. Defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. Defendant is further aware and understands that the Court is required to

1

consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose that sentence; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory sentence. Knowing these facts, Defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1 and that Defendant may not withdraw the plea solely as a result of the sentence imposed.  Defendant is also aware that the guidelines do not provide for parole.

3.      Defendant also understands and acknowledges that the Court may impose a statutory maximum term of imprisonment of up to twenty (20) years, followed by a term of supervised release of at least three (3) years up to life.  In addition to a term of imprisonment and supervised release, the Court may impose a fine of up to one million ($1,000,000.00) dollars and may order restitution.

4.      Defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 3 of this agreement a special assessment in the amount of $100 will be imposed on Defendant.  Defendant agrees that any special assessment imposed shall be paid at the time of sentencing.  If Defendant is financially unable to pay the special assessment, Defendant agrees to present evidence to the USAO and the Court at the time of sentencing as to the reasons for Defendant's failure to pay.

5.      The USAO reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning Defendant and  Defendant's background.  Subject only to the express terms of any agreed-upon sentencing recommendations

2

contained in this agreement, the USAO further reserves the right to make any recommendation as to the quality and quantity of punishment.

6.     The USAO agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to Defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon Defendant's recognition and affirmative and timely acceptance of personal responsibility.  If at the time of sentencing Defendant's offense level is determined to be 16 or greater, the Government will make a motion requesting an additional one level decrease, pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that Defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Government and the Court to allocate their resources efficiently.  The USAO further agrees to recommend that Defendant be sentenced at the low end of the guidelines range, as that range is determined by the Court.  The USAO, however, will not be required to make this motion and this recommendation if Defendant:

   a.     fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct;

   b.     is found to have misrepresented facts to the Government prior to entering into this plea agreement; or

   c.     commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any Governmental entity or official.

7.     Defendant is aware that the sentence has not yet been determined by the Court. The Defendant also is aware that any estimate of  the   probable sentencing range or sentence that Defendant  may  receive,  whether  that  estimate  comes  from    Defendant's  attorney,  the

3

Government, or the probation office, is a prediction, not a promise, and is not binding on the Government, the probation office or the Court.  Defendant understands further that any recommendation that the Government makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety.  Defendant understands and acknowledges, as previously acknowledged in paragraph 2 above, that Defendant may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by Defendant, the Government, or a recommendation made jointly by both Defendant and the Government.

8.     The USAO and Defendant agree that, in exchange for the defendant's express agreement that he will not later seek a further reduced sentence pursuant to 18 U.S.C. § 3582(c) in the event the 2014 proposed amendment revising the drug quantity table in Section 2D1.1 of the United States Sentencing Guidelines (See 78 FR 51820 - Amendment 782) is adopted and comes into effect, the USAO will not object to a downward variance of two levels from the guideline range calculated under the current drug quantity table, based solely on this proposed drug quantity table amendment.   The parties further agree that if the drug quantity amendment is adopted and in effect at the time of Defendant's sentencing, no additional downward variance based on drug quantity shall be sought as Defendant will receive the benefit of the amendment.  The USAO remains free to oppose a variance sought on any other grounds.   The defendant understands and agrees that that this provision is not binding on the Court or the Probation Office, and that the Court remains free to deny any variance requested by either party or jointly.

9.     Defendant recognizes that pleading guilty may have consequences with respect to Defendant's immigration status if Defendant is not a citizen of the United Sates.  Under federal law, a broad range of crimes are removable offenses, including the offense to which Defendant is

4

pleading guilty.  Removal and other immigration consequences are the subject of a separate proceeding, however, and Defendant understands that no one, including Defendant's attorney or the Court, can predict to a certainty the effect of Defendant's conviction on Defendant's immigration status.  Defendant nevertheless affirms that Defendant wants to plead guilty regardless of any immigration consequences that Defendant's plea may entail, even if the consequence is Defendant's automatic removal from the United States.

10.     Defendant acknowledges that he has fully discussed the matters of this plea agreement and his guilty plea pursuant thereto with his attorney, and that his attorney has answered each of his questions about the strength of the Government's case as well as the following rights: to go to trial, to cross-examine the Government's witnesses, to testify in his own behalf, to not be compelled to provide self-incriminating testimony, to call witnesses for the defense, and to appeal any adverse verdict that may result from a trial.   Defendant further acknowledges that he is fully satisfied with the representations provided by his attorney.

11.    This is the entire agreement and understanding between the USAO and Defendant.

There are no other agreements, promises, representations, or understandings.


WIFREDO A. FERRER
UNITED STATES ATTORNEY

Date: 4/12/14            By:    _____
                                RUSSELL R. KILLINGER
                                ASSISTANT UNITED STATES ATTORNEY

Date: 11/12/14                  _____
                                SARAH SCHALL
                                ASSISTANT UNITED STATES ATTORNEY

Date: 10/29/14                  _____
                                RICHARD DELLA FERA, ESQUIRE
                                ATTORNEY FOR DEFENDANT

Date: 10/30/14                  _____
                                JORGE DUQUEN
                                DEFENDANT

6